THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY A. NOONAN,<br><br>                    Plaintiff,<br><br>           v.<br><br>SEATTLE CITY LIGHT,<br><br>                    Defendant. | CASE NO. C16-0602-JCC<br><br>ORDER GRANTING SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Seattle City Light's motion for summary judgment (Dkt. No. 6) and Plaintiff Timothy Noonan's motion to amend complaint (Dkt. No. 15). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and, for the reasons explained herein, GRANTS the motion for summary judgment (Dkt. No. 6) and DISMISSES the motion to amend (Dkt. No. 15).

## I.     BACKGROUND

Plaintiff Timothy Noonan filed this employment discrimination suit against Defendant Seattle City Light on April 25, 2016. (Dkt. No. 1.) As required, Noonan previously raised his discrimination claim to the Equal Employment Opportunity Commission (EEOC). (Dkt. No. 7 at 14.) The EEOC dismissed Noonan's claim and sent him a right-to-sue letter on January 20, 2016. (*Id.* at 16.) Noonan filed his complaint 96 days after the letter was issued. (*See* Dkt. No. 1.) The parties dispute whether Noonan's complaint is time-barred.

## II. DISCUSSION

### A. Summary Judgment Standard

The Court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In making such a determination, the Court views the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* at 248-49.

### B. Analysis

Under Title VII, upon dismissing a charge of discrimination, the EEOC must notify the claimant and inform him or her that he or she has 90 days to bring a civil action. *Payan v. Aramark Mgmt. Servs. LP*, 495 F.3d 1119, 1121 (9th Cir. 2007); 42 U.S.C. § 2000e-5(f)(1). If the claimant does not file suit with 90 days, the action is time-barred. *Payan*, 495 F.3d at 1121. The 90-day period is measured "from the date on which a right-to-sue notice letter arrived at the claimant's address of record." *Id.* at 1122. Where that date is known, the Court "deem[s] the claimant to have received notice on that date, regardless of whether the claimant personally saw the right-to-sue letter." *Id.* Where the date of actual receipt is unknown, the Court estimates the date based on the date of the letter's issuance, with compensation for mailing time. *Id.* Regarding mailing time, the Ninth Circuit has "adopt[ed] the three-day presumption as the governing standard for this circuit." *Id.* at 1127.

Seattle City Light maintains that, applying the three-day presumption, the Court should deem Noonan as having received the letter on January 23. (Dkt. No. 6 at 5.) Under that presumption, Noonan's complaint would be untimely by three days. Noonan disputes this, instead asserting that he "received his right-to-sue letter and logged the date of receipt in his calendar as directed in the instructions accompanying the letter as January 26, 2016." (Dkt. No. 8

at 1.) As support, Noonan submits screen shots of his calendar showing that he "logged the receipt of the right-to-sue letter as well as periodic reminders in his calendar." (*See id.* at 2, 5.) With Noonan's alleged date of receipt, his complaint would be filed at the deadline.

Importantly, none of Noonan's responsive materials are signed or sworn. "The summary judgment rules apply with equal force to pro se litigants because they must follow the same rules of procedure that govern other litigants." *Banks v. Soc'y of St. Vincent De Paul*, 143 F. Supp. 3d 1097, 1101 (W.D. Wash. 2015) (internal quotations omitted). Because Noonan is *pro se*, the Court "must consider as evidence in his opposition to summary judgment all of [Noonan's] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [Noonan] *attested under penalty of perjury that the contents of the motions or pleadings are true and correct*." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (emphasis added). Although Noonan provides self-serving statements and photos to support his position, he has not attested under penalty of perjury that they are true and correct. He thus fails to satisfy Fed. R. Civ. P. 56.

Furthermore, Noonan's response is relevant to the time he became aware of the letter, but the crucial inquiry is when the letter actually arrived at his home. *See Payan*, 495 F.3d at 1122; *see also Samiere v. San Francisco Unified School District*, 2007 WL 2947424 at *2 (N.D. Cal. Oct. 9, 2007) (quoting *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1997)) ("The ninety-day period within which to file suit under Title VII, 42 U.S.C. § 2000e-5(f)(1), did not begin on the date that plaintiff decided to go to the post office to pick up the letter which had been addressed to her at her address of record. Rather the 90-day period 'beg[an] running when delivery of the right-to-sue notice was attempted at the address of record.'"). Absent evidence of the letter's actual arrival, the Court must apply the three-day presumption established in *Payan*. Under this presumption, the limitations period began to run on January 23, 2016, rendering Noonan's April 25 complaint time-barred.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion for summary judgment (Dkt. No. 6) and DISMISSES as moot the motion to amend (Dkt. No. 15).[1] The Clerk is DIRECTED to close this case.

DATED this 20th day of September 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] This ruling also applies to Noonan's first motion to amend, posted at Docket No. 9.

ORDER GRANTING SUMMARY JUDGMENT
PAGE - 4